IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| J&J CENTER LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO._____ |
| | § | |
| CERTAIN UNDERWRITERS AT | § | |
| LLOYD'S, LONDON, | § | |
| | § | |
| Defendant | § | |
| | § | |

## DEFENDANT'S NOTICE OF REMOVAL

1.  Defendant Liberty Corporate Capital (Two) Limited, formerly known as Ironshore Corporate Capital Limited ("Defendant"), files this Notice of Removal pursuant to 28 U.S.C. Sections 1441 and 1446 as follows:

### I. INTRODUCTION

2.  This case is removable because all proper parties to this litigation have diverse citizenship and the matter in controversy exceeds $75,000.00.

### II. COMMENCEMENT AND SERVICE

3.  The underlying lawsuit was commenced on January 7, 2020, when Plaintiff filed its Original Petition ("Petition") in the 113th Judicial District Court, Harris County, Texas, styled Cause No. 2020-00878, styled *J&J Center LLC v. Certain Underwriters at Lloyd's, London* (the "State Court Lawsuit"). Service of the Petition was affected on Defendant on January 21, 2020 by serving the Texas Insurance Commissioner.

4.  This Notice of Removal is filed within thirty days of Defendant's receipt of the Petition or service thereof. Thus, this Notice of Removal is timely filed pursuant to 28 U.S.C.

§ 1446(b). This Notice of Removal is also filed within one year of the commencement of this action and is thus timely pursuant to 28 U.S.C. § 1446(c).

### III. GROUNDS FOR REMOVAL

5. Defendant is entitled to remove the State Court Lawsuit to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 because the State Court Lawsuit is a civil action involving an amount in controversy exceeding $75,000.00 between parties with diverse citizenship.

### IV. DIVERSITY OF CITIZENSHIP

6. This is an action with complete diversity of citizenship between Plaintiff and the Defendant.

7. Plaintiff is an individual and citizen of the State of Texas.

8. Defendant is a United Kingdom private limited company with its principal place of business and headquarters located in in London, England. Accordingly, Defendant is not a citizen of the United States for purposes of diversity of citizenship. *See* 28 U.S.C. 1332(c)(1).

9. No change of citizenship has occurred since commencement of the State Court Lawsuit. Accordingly, diversity of citizenship exists among the proper parties.

### V. AMOUNT IN CONTROVERY

10. Defendant would show that the minimum jurisdictional limits of this Court have also been met because the amount in controversy exceeds $75,000. A defendant may perfect a notice of removal based on allegations in the pleadings or facts in the notice. *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 n.6 (5th Cir. 1992). Plaintiff alleges that the amount in controversy exceeds $500,000. Therefore, the amount in controversy exceeds the jurisdictional limit of this Court.

## VI.  VENUE

11. Venue lies in the Southern District of Texas, Houston Division, pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) because Plaintiff filed the State Court Lawsuit in this judicial district and division.

## VII.  NOTICE AND CONSENT TO REMOVAL

12. Defendant will file with the clerk of the state court, and will serve upon Plaintiff's counsel, a notice of the filing of this Notice of Removal.

13. No Consent to Removal is necessary as Defendant is the only named defendant in this lawsuit.

## VIII.  STATE COURT PLEADINGS

14. Copies of all state court pleadings and orders are attached to this Notice of Removal.

## IX.  EXHIBITS TO NOTICE OF REMOVAL

15. The following documents are attached to this Notice as corresponding numbered exhibits in compliance with Local Rule CV-81:

   A. Civil Cover Sheet;

   B. Supplemental Civil Cover Sheet;

   C. State Court Docket Sheet;

   D. An index of matters filed in state court: Plaintiff's Original Petition, Defendant's Original Answer, Defendant's Motion for Substitution and Withdrawal of Counsel, and signed Agreed Order Granting Defendant's Motion for Substitution and Withdrawal of Counsel; and

   E. Certificate of Interested Persons.

16.     There are no additional orders signed by the state court judge.

## X.  CONCLUSION

WHEREFORE, Defendant Liberty Corporate Capital (Two) Limited, formerly known as Ironshore Corporate Capital Limited, pursuant to the statutes cited herein and in conformity with the requirements set forth in 28 U.S.C. § 1446, removes this action from the 113th Judicial District Court of Harris County, Texas to this Court.

Dated:  February 20, 2020.

Respectfully submitted,

*/s/ Jerrod Lee Rinehart*
Jerrod Lee Rinehart
State Bar No. 24060494
S.D. Tex. No. 908847
jrinehart@belaw.com
Elaine S. Morris
State Bar No. 00784901
S.D. Tex. No. 620053
emorris@belaw.com

BRACKETT & ELLIS, P.C.
100 Main Street
Fort Worth, TX 76102-3090
817.338.1700
817.870.2265 - fax

**ATTORNEYS FOR DEFENDANT
LIBERTY CORPORATE CAPITAL (TWO)
LIMITED, f/k/a IRONSHORE CORPORATE
CAPITAL LIMITED**

1032445-v3/15589-001000

## **CERTIFICATE OF SERVICE**

      I certify that a true and correct copy of the foregoing document was sent to all parties and counsel of record, pursuant to the Federal Rules of Civil Procedure, addressed as follows:

**Via Electronic Filing**

Carlos Peniche
Peniche Law Firm PC
6200 Savoy Drive, Suite 1202
Houston, Texas 77036
713-344-1206
carlos@penichelaw.com

**ATTORNEY FOR PLAINTIFF**

DATED this 20th day of February 2020.

                                     */s/ Jerrod Lee Rinehart*
                                     Jerrod Lee Rinehart
                                     Elaine S. Morris